William H. Ryan, Cedar Rapids, Iowa, Joseph L. Matz, Chicago, Ill., for debtor.

**In re The KILLIAN COMPANY, Debtor.**

**Bankruptcy No. 82–00084.**

United States Bankruptcy Court,
N. D. Iowa,
Cedar Rapids Division.

April 15, 1982.

Order Vacating Orders April 16, 1982.

*ORDER Closing Debtor's Place of Business and Prohibiting Debtor from Continuing Business Operations.*

WILLIAM W. THINNES, Bankruptcy Judge.

On April 8, 1982, the Killian Company filed a Voluntary Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Iowa. Upon the filing of such Petition, The Killian Company came under the provisions of the Federal Bankruptcy Code, which are contained in Chapter 11 of the United States

Code, and under the jurisdiction of the United States Bankruptcy Court for the Northern District of Iowa. Although a debtor in a Chapter 11 proceeding may use the provisions of that chapter to liquidate its assets pursuant to a Court approved plan, the primary purpose of filing a bankruptcy petition under Chapter 11 of the Bankruptcy Code is to rehabilitate the debtor. The essence of a Chapter 11 debtor's remaining in possession is "business as usual," *see* H.R.Rep.No. 595, 95th Cong., 1st Sess. 220–221 (1977), U.S.Code Cong. & Admin. News 1978, p. 5963. Serious questions have come to light concerning whether The Killian Company is actually engaged in a liquidation sale and whether such a sale can be considered to be in the "ordinary course of business." The Killian Company has not filed any application in this Court for approval of a liquidation sale. Indeed, The Killian Company has notified the Court of its contention to request the signing of an *ex parte* order allowing it to purchase a million dollars worth of inventory so as to enable it to remain in operation.

■ The Court has seen two newspaper advertisements appearing in the Cedar Rapids [Iowa] Gazette, one appearing on Sunday, April 11, and the other appearing on Wednesday, April 14, 1982. The Sunday advertisement was a large advertisement, which was captioned in block letters "Public Notice," that notified its readers that The Killian Company would be closed for three days for the purpose of marking down all prices, arranging its stock, and making all preparations for "This Gigantic Bankruptcy Sale." It further advised its readers to be at the store early Thursday, April 15, for "the greatest bargains to ever hit Cedar Rapids." The advertisement continued "everything must be sold." The Wednesday, April 14, 1982, advertisement, a copy of which is attached to this Order in reduced form, consisted of an entire page. It also was captioned "Public Notice" in large letters. This advertisement notified its readers that The Killian Company has "filed a Chapter XI Petition for Re-Organization in the Federal Court of Bankruptcy," the word bankruptcy being spelled in three-inch letters and in a different color of ink. The advertisement continues that the "Entire Stock *Must Be Sold*!!"

The Court is of the opinion that both advertisements are misleading to anyone reading them. By using the descriptive phrase Public Notice, by emphasizing the word "Bankruptcy," and, most significantly, by claiming that the entire stock must be sold, such advertisements mislead the reader into believing that the advertised sale is one either required by the provisions of the Bankruptcy Code or one that is Court ordered. The Court is of the further opinion that the entire tenor of both advertisements suggests that the proposed sale is a liquidation sale. Other than the mention of the fact that the Debtor is engaged in a Chapter 11 proceeding, which means nothing to the average person, the advertisement implies that all merchandise is to be liquidated even though the posture of this case is one of reorganization and even though the debtor proposes to obtain an *ex parte* order allowing it to purchase a million dollars worth of inventory to continue in business on a normal basis. It intends to sell this new inventory as well as its old inventory at its "Entire Stock Must Be Sold" sale. The Court concludes that, as a debtor in possession operating its business under the aegis of this Court, The Killian Company owes a high degree of fairness and honesty in the conduct of its business to this Court, to its creditors, and to the general public. The Court further concludes that such misleading advertising, taken as a whole, impugns the integrity of the Court by misleading the public and purveying the impression that the debtor is conducting such a "liquidation" sale with the Court's sanction and with its approval.

IT IS THEREFORE ORDERED that upon the close of the business day on Thursday, April 15, 1982, which is advertised to be at 9:00 p. m., the debtor, The Killian Company, shall close and cease doing business pending further Orders of this Court.

The Court is aware of the limitations in Chapter 11 concerning the Court's actions in a *sua sponte* role. Nonetheless, this Order is pursuant to 11 U.S.C. § 1107, which grants the Court the power to oversee the debtor's operation of its business while the debtor is in possession under a Chapter 11 proceeding, and is prompted by the Court's concern that the debtor's actions in causing the publication of the two advertisements aforementioned seriously mislead the public and the debtor's creditors and impugn the integrity of the Bankruptcy Court.

The Court is also aware of due process cases which have held that a Court can act in emergency situations without notice and hearing only if such notice and hearing is promptly provided thereafter. Consequently, the Court finds a hearing shall be scheduled for

*MONDAY, APRIL 19, 1982, at 10:00 a. m.*

in the Bankruptcy Court Room, in the Federal Building, U. S. Court House, in

CEDAR RAPIDS, IOWA,

in order to satisfy those requirements and to provide the debtor with an opportunity to be heard; and

IT IS SO ORDERED.

APPENDIX

# PUBLIC NOTICE!

*After 70 Years...*

# Killian's

**DOWNTOWN CEDAR RAPIDS**

**OPEN THUR. & FRI. 'TIL 9 P.M. SUNDAY NOON 'TIL 5 P.M.**

*Has filed a Chapter XI Petition for*
*RE-ORGANIZATION in the Federal Court of*

# BANKRUPTCY!

# Entire Stock Must Be Sold!!

## Six Floors of QUALITY MERCHANDISE at unheard of LOW PRICES!

- Housewares — Small Appliances ● Linens & Bath Shops ● China & Glassware ● Silver & Gift Shops ● Budget Sportswear
- Handbags & Small Leather Goods ● Scarves & Gloves ● Hosiery, Jewelry, Cosmetics ● Notions, Stationery, Candy
- Junior Dresses & Sportswear ● Large Size Women's Sportswear & Dresses ● Missy Moderate & Better Sportswear
- Missy & Half Size Dresses ● Missy & Junior Coats ● Men's, Women's and Children's Shoes ● Lingerie, Foundations and Robes
- Infants, Children and Pre-teen Apparel ● Men's Clothing, Furnishings, Sportswear ● Young Men's and Boys' Apparel!
- Furniture and Bedding ● Lamps and Pictures ● Carpeting & Draperies ● Luggage

## *Be among the first for best selection!*

# SALE STARTS 9 A.M. THURS. APRIL 15

*Cash, Mastercard, American Express or Visa Only!*

**yes!** Exchanges will be made when accompanied by receipt within 3 days of purchase! (No mail or phone orders)

# Killian's

**DOWNTOWN CEDAR RAPIDS**

OPEN SUNDAY NOON TO 5 PM
TUES, WED & SAT 9-5 PM
MON, THURS & FRI 9-9 PM
CONVENIENT STORESIDE
COVERED PARKING    PARK FREE
ON SUNDAY WEEKDAYS PARK
FREE WITH THE
PARK AND SHOP PLAN

### ORDER Supplementing Previous Order of April 15, 1982

Today, April 15, 1982, the Court entered an Order directing that on the close of the business day on Thursday, April 15, 1982, which was advertised to be 9:00 p. m., the Debtor, The Killian Company, was to close and cease doing business pending further Orders of this Court. The Court finds that, such Order not having been issued until 5:00 p. m. on April 15, 1982, the Debtor has not allowed a sufficient amount of time to notify employees and to perform the other logistics necessary to implement the Court's Order. The Court finds, therefore, that the Debtor, not having had a sufficient amount of time to implement the Court's previous Order, shall be allowed an additional twenty-four hours to do so.

IT IS THEREFORE ORDERED that upon the close of the business day on Friday, April 16, 1982, which was advertised to be 9:00 p. m., the Debtor, The Killian Company, shall close and cease doing business pending further Orders of this Court.

IT IS FURTHER ORDERED that the April 15, 1982, Order captioned "Order Closing Debtor's Place of Business and Prohibiting Debtor from Continuing Business Operations" shall be reaffirmed in every other respect.

### ORDER Vacating Orders of April 15, 1982

On April 15, 1982, the Court entered two Orders with respect to The Killian Company, the Debtor in Bankruptcy No. 82–00084. The first Order was captioned "Order Closing Debtor's Place of Business and Prohibiting Debtor From Continuing Business Operations." The second Order was captioned "Order Supplementing Previous Order of April 15, 1982." The combined effect of the two Orders was to direct the Debtor, The Killian Company, to close its place of business and cease doing business until further Orders of this Court upon the close of the business day, Friday, April 16, 1982, such time having been advertised to be 9:00 p. m.

Today, April 16, 1982, the Court has been advised of the following:

that the Debtor has terminated all advertising containing the phraseology that the Court found objectionable and misleading in its first April 15, 1982, Order, i.e., "Public Notice" and "Entire Stock Must Be Sold;" that the Debtor has also terminated all advertising emphasizing the word "Bankruptcy;"

that the Debtor will place new advertisements with the media and that these new advertisements will eliminate the objectionable phraseology and the misleading format, i.e., the emphasis on the word "Bankruptcy;"

that the the the new advertisements will also include a clarification of the previous objectionable advertisements and correctly and fairly represent debtor's status and operation;

that, because these new advertisements will not appear in the print media until Tuesday, April 20, 1982, copies of the clarification contained in such advertisements will be given to the media forthwith so that the written clarification will have immediate dissemination to the public;

that the radio and television advertisements will also carry such clarifications to the extent such television and radio broadcast time can be obtained;

that Killians has altered its return of merchandise policy so that merchandise purchased at this sale can be returned at any time.

Having been so advised, the Court concludes that its April 15, 1982, Order captioned "Order Closing Debtor's Place of Business and Prohibiting Debtor From Continuing Business Operations" and its April 15, 1982 Order captioned "Order Supplementing Previous Order of April 15, 1982" shall be vacated and shall be of no further force and effect; and

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Debtor shall continue to operate its business as a debtor in possession pursuant to 11 U.S.C. § 1107.

IT IS FURTHER ORDERED that the hearing scheduled for Monday, April 19, 1982, at

10:00 a. m. in the Bankruptcy Court Room, in the Federal Building, U. S. Court House, in Cedar Rapids, Iowa, is no longer necessary in light of this Order and shall not be held.